IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 6:03-1092-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Jerry Davis, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Jerry Davis's ("Davis") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (2006). After a thorough review, the court dismisses the instant § 2255 motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 28, 2006, Davis pled guilty pursuant to a plea agreement to one count of possession with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base and one count of money laundering. The plea agreement was a Rule 11(c)(1) plea to a specific term of imprisonment of 420 months. The plea agreement required Davis to cooperate with respect to disclosure of his assets including submitting to a polygraph examination. Further, if Davis breached the plea agreement, the plea agreement would be rendered null and void and Davis would be sentenced without the benefit of the negotiated 420-month sentence. Moreover, Davis waived the right to appeal his conviction and sentence.

After Davis's guilty plea, the Government alleged that Davis breached his plea agreement because he failed his polygraph and engaged in certain illegal conduct after pleading guilty. The parties resolved the Government's claim without the court's intervention by entering into a post-

1

plea amendment to the plea agreement, which increased his sentence of imprisonment from 420 months to 478 months.

Davis was sentenced to 478 months' imprisonment on April 17, 2007. Judgment was entered on April 23, 2007. Davis did not timely appeal his conviction and sentence. However, on May 24 and May 29, 2007, Davis filed untimely notices of appeal.[1] On July 18, 2007, Davis filed a motion for leave to file a notice of appeal out of time, which the court denied later that same day. On July 20, 2007, Davis appealed the court's denial of his motion for leave to appeal. On July 24, 2007, Davis filed a pro se motion asking the court to reconsider its July 18, 2007 order and grant an extension of time to file a notice of appeal for good cause shown,[2] which the court denied on July 27, 2007. Davis voluntarily dismissed his appeal pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure on November 6, 2007.

On October 24, 2008, Davis filed the instant § 2255 motion, in which he alleges several ineffective assistance of counsel claims. (Davis's § 2255, generally.) The court ordered the Government to respond to Davis's motion on October 27, 2008. On January 22, 2009, the Government filed its response raising the statute of limitations as an affirmative defense and addressing Davis's claims. Further, the Government filed a motion for summary judgment arguing that Davis's motion is time-barred, and alternatively, Davis's first and third claims conclusively fail on the merits and should be dismissed. In addition, the Government requested that certain sealed filings in the underlying criminal case be unsealed. Davis submitted a reply on March 9, 2009.

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

[2] Id.

## II. Discussion of Law

The Government argues that Davis's § 2255 motion is time-barred. In his response to the Government's motion, Davis does not address the Government's argument that his motion is time-barred. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), federal prisoners seeking habeas relief have one year from the date their conviction becomes final to file a § 2255 motion. Section 2255 provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (2006). Davis did not file a timely direct appeal of his conviction within ten days of entry of the final judgment. Davis filed untimely notices of appeal on May 24 and May 29, 2007. Further, Davis filed two motions for leave to file an out of time appeal, which the court denied. In addition, Davis voluntarily dismissed his appeal of his conviction and the denial of his motion for leave to file an out of time appeal. The Fourth Circuit issued an order dismissing the case pursuant to Rule 42(b) on November 6, 2007.

Research did not reveal any Fourth Circuit precedent addressing the effect of an untimely appeal on the one-year statute of limitations for filing a § 2255 motion. However, other district courts have addressed this question. In United States v. Jackson, the United States District Court for the Western District of Tennessee held that the movant's untimely notice of appeal "did not toll the running of the limitations period" for filing a § 2255 motion. 205 F. Supp. 2d 876, 880

(W.D. Tenn. 2002).  Further, in <u>Staake v. United States</u>, the United States District Court for the Middle District of Florida held in an unpublished opinion that the "[p]etitioner's untimely filed notice of appeal did not alter the finality of her conviction, which became final ten days after the written judgment of conviction was entered on the criminal docket."  2007 WL 2050939, at *2 (M.D. Fla. 2007) (unpublished); <u>see also</u>, <u>Kapral v. United States</u>, 166 F.3d 565, 577 (3d Cir. 1999) (holding that "[i]f a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired"); <u>cf.</u> <u>Clay v. United States</u>, 537 U.S. 522, 532 (2003) (holding that a defendant's judgment of conviction becomes final when the time for seeking review of the conviction expires).

Similarly, in <u>Johnson v. United States</u>, the Sixth Circuit held that a "delayed Rule 33 motion[ ] [for a new trial] do[es] not affect the finality of judgment for purposes of the AEDPA [and] also furthers the AEDPA's strong preference for swift and final adjudication of § 2255 motions, as expressed through its strict limitation period and constraints on successive petitions."  246 F.3d 655, 659 (6th Cir. 2001) (noting that "the ten-day period for filing a notice of appeal is tolled while a Rule 33 motion not based on new evidence is pending, and begins to run anew after the order disposing of the motion" and "the period for filing a notice of appeal is tolled while a Rule 33 motion based on new evidence is pending, so long as that motion is filed within ten days after the entry of the judgment of conviction").  The court agrees with these cases.  As the Eleventh Circuit stated in <u>Jones v. United States</u>, 304 F.3d 1035, 1039 (11th Cir. 2002):

> Since the Court has upheld the signal purpose animating AEDPA as being the desire of Congress to achieve finality in criminal cases, both federal and state, through strict interpretation of the one-year limitation period for federal prisoners in § 2255, we must be cautious in analyzing a § 2255 petitioner's appellate issues

4

>     not to create a loophole which is contrary to the legislative intent of insuring a
>     greater degree of finality.

(Internal quotation marks omitted.)  Based on the foregoing, Davis's conviction became final on May 7, 2007, the date his time for filing a direct appeal expired.  See Fed. R. App. Proc. 4(b)(1)(A) & 26(a)(1)-(2).  Davis had until May 7, 2008, to file the instant § 2255 motion under the AEDPA.  The instant § 2255 motion was filed on October 24, 2008.  Therefore, Davis's claim is barred by the statute of limitations under § 2255(1).

Further, §§ 2255(2) - (4) do not apply in this case.  Specifically, with respect to § 2255(4), Davis's claims concern his counsel's action taken during pretrial proceedings in this matter related to motions and plea negotiations.  Davis alleges that his counsel was constitutionally ineffective for failing to (1) challenge venue on the money laundering count, (2) seek a second Rule 11 plea hearing with respect to the post-plea amendments to Davis's plea agreement, and (3) request a hearing regarding Davis's alleged breach of the plea agreement.  (Davis's § 2255 Mot., generally.)  "Through the exercise of due diligence," Davis could have discovered his alleged claims prior to his sentencing on April 17, 2007.  § 2255(f).

In addition, the doctrine of equitable tolling does not save Davis's motion.  The court may excuse a late-filed motion under § 2255 through equitable tolling.  However, "equitable tolling is available only in those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citing Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)).  In other words, an otherwise time-barred defendant must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time" in order for equitable tolling to cure his late-

filed application for relief. Sosa, 364 F.3d at 512 (quoting Rouse, 339 F.3d at 246). There were no extraordinary circumstances beyond Davis's control that prevented him from filing his § 2255 motion on time. Davis is represented by counsel. Rouse, 339 F.3d at 257 (holding in a death penalty case that counsel's error in filing a habeas petition one day late did not constitute an "exceptional circumstance" that warranted equitable tolling); Merritt v. Blaine, 326 F.3d 157, 169 (3d Cir. 2003) (applying general rule that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling" (internal quotation marks omitted)); Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); Fierro v. Cockrell, 294 F.3d 674, 683 (5th Cir. 2002) ("[C]ounsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file [the] habeas petition in the district court within the one-year limitations period.")

However, even if Davis was not represented by counsel prior to the expiration of the statute of limitations and believed that the statute of limitations did not begin to run until after he voluntarily dismissed his appeal, Davis's current predicament is created by his lack of attention to the one-year limitations period. Davis voluntarily dismissed his appeal on November 6, 2007. Therefore, Davis still had six months to file his motion. "[E]quity is not intended for those who sleep on their rights." Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999) (citing Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir.1989); Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999) (noting that equitable tolling did not save the Petitioner's habeas petition irrespective of whether the court equitably tolled the time from when the Petitioner alleges that he filed his state application for post-conviction relief and the conclusion of the state proceedings because the Petitioner "should have attempted to expediently file his federal habeas petition upon receiving

6

notice that his state petition had been denied" and "[b]ecause Coleman does not explain the six-month delay between being notified about his state application and filing his federal petition"). Davis does not explain why he waited six months after dismissal of his appeal to file his § 2255 motion. There are simply no extraordinary circumstances present in this case that would warrant equitable tolling. Based on the foregoing, Davis's § 2255 motion is time-barred.

Further, the Government moves to unseal certain sealed documents in the court's record. The Defendant does not object to this request. As such, the court will unseal docket entries 652 and 670, including all attachments.

Therefore, it is

**ORDERED** that the Government's motion for summary judgment, docket entry 876, is granted. It is further

**ORDERED** that Davis's § 2255 motion, docket entry 859, is dismissed. It is further

**ORDERED** that docket entries 652 and 670, including all attachments, are hereby unsealed.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
March 13, 2009

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.