IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 6:03-1092-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Jerry Davis, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Jerry Davis's ("Davis") motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend the court's March 13, 2009 order ("March Order") dismissing Davis's motion pursuant to 28 U.S.C. § 2255 as untimely and granting the Government's motion for summary judgment.[1]

A motion to alter or amend the judgment under Rule 59(e) may be made on three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment . . . ." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (internal quotation marks omitted).

---

[1] In addition, Davis has submitted an application for a certificate of appealability. The court declines to address Davis's arguments in support of a certificate of appealability. The Fourth Circuit will consider these arguments on appeal.

1

In his Rule 59(e) motion, Davis argues that his § 2255 motion is not time barred because it was filed within one year of the voluntary dismissal of his appeal. (Davis's Mem. Supp. Mot. Reconsideration 12.)

The Government raised the statute of limitations defense in their response to Davis's § 2255 motion. In reply, Davis did not address the Government's argument that Davis's § 2255 motion is time-barred. For the first time, Davis addresses this argument in his Rule 59(e) motion. As noted above, it is improper to raise for the first time in a Rule 59(e) motion an argument which could have been raised prior to the entry of judgment. Moreover, Davis presents no new facts or evidence that alter the court's original findings in the March Order. In addition, Davis identifies no clear error of law.

Further, attorney error does not excuse the untimely filing of Davis's § 2255 motion. Rouse, 339 F.3d at 257 (holding in a death penalty case that counsel's error in filing a habeas petition one day late did not constitute an "exceptional circumstance" that warranted equitable tolling); Merritt v. Blaine, 326 F.3d 157, 169 (3d Cir. 2003) (applying general rule that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling" (internal quotation marks omitted)); Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); Fierro v. Cockrell, 294 F.3d 674, 683 (5th Cir. 2002) ("[C]ounsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file [the] habeas petition in the district court within the one-year limitations period."). Even if Davis's counsel believed that the one year statute of limitations did not begin to run until after Davis voluntarily dismissed his appeal on

November 6, 2007, counsel still had six months to file the § 2255 motion. Based on the foregoing, Davis's motion is denied.

Therefore, it is

**ORDERED** that Davis's motion to alter or amend judgment, docket number 890, is denied.

**IT IS SO ORDERED**.

                                              s/Henry M. Herlong, Jr.
                                              United States District Judge

Greenville, South Carolina
March 23, 2009

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.