IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Cr. No.  6:03-1092-HMH |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Jerry Davis, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Defendant Jerry Davis's ("Davis") third pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  Davis is currently serving a 400-month sentence[1] for one count of possession with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and one count of money laundering, in violation of 18 U.S.C. § 1956(h).  Davis previously filed a motion for compassionate release, which was denied on June 24, 2022.  (First Mot. Compassionate Release, ECF No. 1239); (Jun. 24, 2022, Order, ECF No. 1253.)  On May 4, 2023, Davis filed a renewed motion for compassionate release, raising the same arguments that he raised in the first motion, which the court denied in a May 30, 2023, order.  (May 30, 2023, Order, ECF No. 1261.)

On April 25, 2024, Davis filed the instant motion for compassionate release, again arguing that extraordinary and compelling reasons justify a sentence reduction because (1) he is the only available caregiver for his incapacitated mother, and (2) the length of his sentence is excessive compared to those of similarly situated defendants in other cases.  (Third Mot.

---

[1] On October 2, 2018, the court conducted a hearing and later reduced Davis's sentence from 478 to 400 months' imprisonment pursuant to Amendment 782 of the United States Sentencing Guidelines.

1

Compassionate Release 17-22, ECF No. 1280.)  After being ordered to respond, the Government filed a response in opposition on May 23, 2024.  (Gov't Resp. Opp'n, ECF No. 1287.)  Davis filed a reply on June 27, 2024.[2]  (Reply, ECF No. 1292.)  This matter is ripe for consideration.

## II. LEGAL FRAMEWORK

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  The compassionate-release statute, however, authorizes a court to reduce a defendant's sentence if, after considering the 18 U.S.C. § 3553(a) factors, it finds that (1) "extraordinary and compelling reasons" warrant a reduction and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Id. § 3582(c)(1)(A).

The "applicable policy statement[]" reiterates the statutory requirements, with the additional requirement that the defendant not be "a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(a)(2); see also U.S.S.G. Supp. to App. C, Amend. 814, Reason for Amendment (effective Nov. 1, 2023) ("extend[ing] the applicability of the policy statement to defendant-filed motions").  The policy statement then enumerates six categories of "extraordinary and compelling reasons" that may justify compassionate release: (1) the defendant's medical circumstances, (2) the defendant's advanced age, (3) the defendant's family circumstances, (4) the defendant's status as a "victim of abuse," (5) any other reasons that are "similar in gravity" to the first four categories, and (6) certain changes in law if the defendant has served ten years of an "unusually long sentence" and the "change would produce a gross

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(1)-(6). Under the policy statement, a defendant's rehabilitation "is not, by itself, an extraordinary and compelling reason" but "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." Id. § 1B1.13(d).

At the final step of the compassionate-release analysis, the court considers the § 3553(a) sentencing factors "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). These factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need for the sentence to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment," deter crime, protect the public from the defendant's future criminal conduct, and provide the defendant with needed "correctional treatment"; (3) "the kinds of sentences available"; (4) the Guidelines sentencing range; (5) certain policy statements issued by the Sentencing Commission; (6) "the need to avoid unwanted sentence disparities among" similarly situated defendants; and (7) the need for victim restitution. 18 U.S.C. § 3553(a).

### III. DISCUSSION

**A. No Extraordinary and Compelling Reasons Warrant a Sentence Reduction.**

Davis first argues that extraordinary and compelling reasons exist under U.S.S.G. § 1B1.13(b)(3) because he is the only available caregiver for his incapacitated mother. Section 1B1.13(b)(3)(C) provides that "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" may constitute an extraordinary

and compelling reason for a sentence reduction. While the court empathizes with Davis's desire to care for his mother, Davis has failed to show that he is the only available caregiver for her. In seeking compassionate release, Davis "bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." United States v. Newton, 996 F.3d 485, 488 (7th Cir. 2021).

The most recent medical records for Davis's mother from January and March 2024 describe her as alert and oriented with mild cognitive impairment. (Third Mot. Compassionate Release Ex. 8 (Medical Records 10-25), ECF No. 1280-8.) Davis submits that his mother no longer has the assistance of Willie Long, a previous caregiver, and that "she has no siblings or children in a position to move into her home" and care for her. (Id. 11-12, 18, ECF No. 1280.) Although Davis's mother's doctor indicates that she requires a caregiver, there is no evidence in her medical records that she does not currently have one. (Reply Ex. 5 (Doctor's Note), ECF No. 1292-5.) There is also no indication that her present living situation is inadequate. Further, it appears that she has assistance with transportation because she has been attending her medical appointments. (Third Mot. Compassionate Release Ex. 8 (Medical Records 10-25), ECF No. 1280-8.)

Aside from his general representations that he has no siblings and that no one else is available to care for his mother, Davis has offered no evidence that he is the only available caregiver for his mother. (Reply 9, ECF No. 1292); United States v. Shovely, No. 7:15-cr-00105, 2021 WL 667906, at *3 (W.D. Va. Feb. 19, 2021) ("Shovely's desire to care for his parents is admirable and [he] is their only child, but he has neither argued nor demonstrated that he is their 'only available caregiver[.]'"); United States v. Richardson, No. 5:18-CR-507-IFL,

4

2020 WL 2200853, at *2 (E.D.N.C. May 6, 2020) (declining to grant compassionate release "in the absence of a robust evidentiary showing that defendant is the only available caregiver"); United States v. Crisp, No. 1:11-cr-00026-JLT-1, 2022 WL 3448307, at *2 (E.D. Cal. Aug. 17, 2022) ("If a sick parent—absent truly extraordinary circumstances—was considered a compelling reason, virtually any inmate seeking a sentence reduction on this ground could produce one.")   Based on the foregoing, the court finds that Davis has failed to show extraordinary and compelling reasons due to his family circumstances.

Davis next argues that § 1B1.13(b)(6) supports a finding of extraordinary and compelling reasons.   Section 1B1.13(b)(6) provides that "a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive)" may constitute "an extraordinary and compelling reason" for a reduction if (1) the defendant received "an unusually long sentence," (2) the defendant has served "at least 10 years of the term of imprisonment," and (3) the change in law "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."   U.S.S.G. § 1B1.13(b)(6).   Davis seeks a sentence reduction under § 1B1.13(b)(6) based on Amendment 821, which limits the criminal history impact of "status points," and Amendment 742, which eliminated the use of "recency points" in calculating a defendant's criminal history category.   (Third Mot. Compassionate Release 22, ECF No. 1280.)

As an initial matter, Amendment 742 does not present an extraordinary and compelling reason for relief because the Sentencing Commission did not make the amendment retroactive. See U.S.S.G. § 1B1.10(d) (listing retroactive amendments).   Section 1B1.13(b)(6) explicitly "excludes from consideration as extraordinary and compelling reasons warranting a reduction in

5

sentence changes to the *Guidelines Manual* that the Commission has not made retroactive." U.S.S.G. Supp. to App. C, Amend. 814, Reason for Amendment.   For the court to consider the impact of Amendment 742 on Davis's sentence, he must "otherwise establish[] that extraordinary and compelling reasons warrant a sentence reduction."   U.S.S.G. § 1B1.13(c).

    The second change in law on which Davis relies, Amendment 821, is retroactive, but it does not affect his Guidelines range.   After another amendment retroactively reduced Davis's base offense level by two levels to 42 and his Guidelines range to 360 months' to life imprisonment, the court reduced Davis's sentence to 400 months' imprisonment.   (Oct. 2, 2018, Tr. 2, 23, 25, ECF No. 1156.); (Am. J., ECF No. 1128.)   If Davis were sentenced today, his Guidelines range would remain 360 months to life imprisonment: his offense level is still 42, and his criminal history category was unchanged by Amendment 821.   Accordingly, because Davis has not identified a change in law that creates a gross disparity between his sentence and the one that he would likely receive today, he has failed to show extraordinary and compelling reasons for a sentence reduction under § 1B1.13(b)(6).

    Finally, while Davis submits that his rehabilitation efforts are extraordinary and compelling reasons, a defendant's rehabilitation "is not, by itself, an extraordinary and compelling reason for" a sentence modification.   U.S.S.G. § 1B1.13(d); 28 U.S.C. § 994(t); see, e.g., United States v. McCain, No. 1:06CR203-1, 2023 WL 7385546, at *8 (M.D.N.C. Nov. 8, 2023) (unpublished); United States v. Feliz, No. 16 Cr. 809 (VM), 2023 WL 8275897, at *6 (S.D.N.Y. Nov. 30, 2023) (unpublished); United States v. Lewis, No. 04-344, 2024 WL 640023, at *3-4 (E.D. La. Feb. 15, 2024) (unpublished); United States v. Ross, No. 3:18-cr-00626-AN, 2023 WL 8868814, at *5 (D. Ore. Dec. 22, 2023) (unpublished).

For all of the reasons discussed above, Davis has failed to show extraordinary and compelling reasons for a reduction in his sentence under § 1B1.13.

### B. The § 3553(a) Factors Do Not Warrant a Sentence Reduction.

Even if Davis could show extraordinary and compelling reasons, the court has considered the factors under § 3553(a) and finds that the nature and circumstances of Davis's offense, his history and characteristics, and the need for his sentence to protect the public do not support a reduction in this case. As the court outlined in its June 24, 2022, order,

> Davis's offenses in the instant case were very serious, involving a large and extremely sophisticated drug conspiracy and money laundering. Davis was a leader in this organization. The drug conspiracy continued for a lengthy period of time and involved large amounts of drugs and money[] and a propensity for violence, including the murder of a cooperating co-defendant and his girlfriend to prevent the co-defendant from testifying at trial. (Tr. at 15-20, ECF No. 1156.) In addition, although Davis describes his criminal record as minor, his prior convictions are not insignificant, including convictions for possessing drugs, resisting arrest, driving under the influence, fleeing the police, giving false information, possessing a forged instrument, and theft. (PSR ¶¶ 48-55.) Further, [Davis] has had several disciplinary violations during his incarceration, including phone abuse, possessing a contraband cell phone, possessing a hazardous tool, possessing an unauthorized item, and possessing a razor blade. (Disciplinary Records, ECF No. 1251-1.)

(Jun. 24, 2022, Order 6, ECF No. 1253.)

As the Government notes, Davis was not a "small-time drug dealer." (Gov't Resp. 30, ECF No. 1287.) Davis was a leader in a drug conspiracy that distributed cocaine across the country, laundered millions of dollars, utilized firearms, and engaged in violent acts. (PSR ¶¶ 15-43.) The court previously considered Davis's family support and rehabilitation efforts and recognized that Davis has undertaken the opportunity to help others in prison and has participated in numerous BOP programs during his incarceration. (Jun. 24, 2022, Order 7, ECF No. 1253.) Further, the court conducted an individualized assessment and considered Davis's

7

rehabilitation efforts in "fashioning [his] sentence reduction" under Amendment 782. (Id., ECF No. 1253.) The court commends Davis on his continued self-improvement efforts during his incarceration. However, having considered the § 3553(a) factors, Davis's 400-month sentence is more than appropriate in light of his history and characteristics and the seriousness of his conduct in an extensive and violent drug conspiracy. A 400-month sentence promotes respect for the law, deters crime, protects the public, and is "sufficient, but not greater than necessary," to achieve the statutory goals of sentencing. 18 U.S.C. § 3553(a).[3]

It is therefore

**ORDERED** that Davis's motion to reduce his sentence, docket number 1280, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
July 12, 2024

### NOTICE OF RIGHT TO APPEAL

Movant is hereby notified that he has the right to appeal this order within fourteen (14) days from the date hereof, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

---

[3] Given the court's resolution of Davis's motion, the court declines to address the Government's argument that the Sentencing Commission exceeded its congressionally delegated authority in promulgating U.S.S.G. § 1B1.13(b)(6). (Gov't Resp. 13, ECF No. 1287.)